FILED
SCRANTON

DEC 0 2 2014

PER _____

DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERICK FLORES-RIVERA,           :
                               :
        Petitioner             :
                               :
    v.                         : CIVIL NO. 3:CV-14-2251
                               :
DAVID EBBERT,                  : (Judge Kosik)
                               :
        Respondent             :

## MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 and supporting memorandum filed by Erick Flores-Rivera ("Petitioner"), an

inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania. The

matter is presently before the court for screening. See 28 U.S.C. § 2243. Petitioner

has also filed a motion requesting leave to proceed in forma pauperis (Doc. 2) in this

matter. For the reasons that follow, the motion to proceed in forma pauperis will be

granted, and the petition will be dismissed for lack of jurisdiction.

**I.    Background**

While the facts as set forth in the above petition are confusing to follow, with

the assistance of PACER and Westlaw computerized legal research, the following

background information has been gathered.[1]  Petitioner pled guilty to federal drug

charges in January 1991 and received a sentence of 240 months imprisonment along

with a $20,000.00 fine.  Proceedings also later took place with respect to the issue of

the return to Petitioner of property that had been seized from him incident to the

arrest.  See United States of America v. Flores-Rivera, 601 F.3d 41 (1st Cir. 2010).

On April 11, 1991, in a separate criminal case, Petitioner, along with seventeen

other persons, were named in a 34-count superseding indictment wherein he was

charged with various drug-related offenses in the United States District Court for the

District of Puerto Rico.  On April 14, 1993, a jury convicted him on one count of

conspiracy to import cocaine and to possess cocaine with intent to distribute it, in

violation of 21 U.S.C. §§ 846 and 963, and two counts of assaulting a federal officer

with a deadly weapon, in violation of 18 U.S.C. § 111.  He was sentenced to 324

months imprisonment, to be followed by a five-year term of supervised release.  His

conviction was affirmed by the First Circuit Court of Appeals on direct appeal.  See

United States v. Flores-Rivera, 56 F.3d 319 (1st Cir. 1995).  It appears that at a re-

sentencing hearing on April 5, 2004, he was sentenced to a total of 408 months

imprisonment to be served consecutively to the term of imprisonment imposed in the

---

[1] See PACER, Public Access to Court Electronic Records,
https://pacer.login.uscourts.gov.

earlier criminal matter. This sentence was affirmed in an unpublished decision on July 29, 2005.

In the instant § 2241 petition, it appears that Petitioner challenges the 1993 conviction and resulting sentence. He states that on November 24, 1998, he filed a motion pursuant to 28 U.S.C. § 2255, which was later denied on or about March 24, 2000. It appears that a second § 2255 motion was filed on or about August 25, 2004, and was denied. Petitioner states that he attempted to file yet another § 2255 on or about December 12, 2005, and that it was denied on February 14, 2006. An appeal from the denial of the § 2255 motion to the First Circuit was unsuccessful.

On August 31, 2010, Petitioner states that he filed a § 2241 petition, presumably with the District Court of Puerto Rico, and the petition was denied. On or about March 25, 2014, he filed a motion for Rule 60(d)(1)(3) relief which was denied by the District Court for the District of Puerto Rico on June 24, 2014. The court found that the arguments raised in the motion had been previously considered by the court and found to be without merit. See USA v. Escobar-De-Jesus, et al, 3:90-cr-00130-PG-12 (U.S. D.C. Puerto Rico (San Juan) (Doc. 1250).

The instant § 2241 petition was filed in this court on November 25, 2014. In the petition, it is clear that Petitioner is challenging his underlying criminal conviction(s) and sentence(s) by the United States District Court for the District of

3

Puerto Rico.  He sets forth various challenges including lack of criminal jurisdiction

by the trial court, actual innocence based upon new federal cases including "Appendi,

Booker, Blakely, FanFan, Allene (sic)."  (Doc. 3, Supp. Memo at 15.)  He also claims

that he is being subjected to Double Jeopardy.  (Id. at 16.)  Specifically, he claims that

the execution of his sentence is unconstitutional and unlawful because he is having to

serve another term of consecutive imprisonment based upon a single conspiracy.  (Id.)

He contends that if it were not for the second indictment for the same conspiracy, his

sentence would have already been served.  He argues that he has been charged twice

for the same crime.

He claims that a motion pursuant to § 2255 is inadequate because "actual

innocence cannot be utilized in a 2255 motion and further 2255 is inadequate because

[he] already filed and exhausted that remedy and cannot file another and [he] doesn't

qualify for second and successive."  (Doc. 1, Pet. at 6.)

## II.    Discussion

Habeas corpus petitions brought under § 2241 are subject to summary

dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts, 28 U.S.C. § 2254 (1977)(Rule 4 applies to § 2241

petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United

States District Courts).  See, e.g., Patton v. Benton, 491 F. Supp. 156, 158-59 (M.D.

4

Pa. 1979)(explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999)(stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000)(finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(e)(stating that the motion must be filed in "the court which sentenced him").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the

5

exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006)(quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). The Petitioner has the burden of proving that § 2255 would be an inadequate or an ineffective remedy. Reyes-Racine v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year

statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, it is apparent that the pending petition is not viable under 28 U.S.C. § 2241. Petitioner admits that he has filed a § 2255 petition in the sentencing court thereby evidencing that his remedy by way a motion under § 2255 is not unavailable or inadequate. In fact, it appears that he has attempted to file/filed several § 2255 motions with the District Court for the District of Puerto Rico. Although his motions may have been unsuccessful, this does not open the federal court door to the filing of a § 2241 petition. It appears that at least some of the claims Petitioner attempts to raise have already been rejected by the sentencing court. Petitioner cannot seek further relief in the District Court merely because he was unsuccessful. Other claims raised in the instant petition clearly could have been raised in the first § 2255 motion filed by Petitioner. Finally, to the extent Petitioner attempts to rely on case law not previously available to him when he sought relief pursuant to § 2255, there is no

7

record that he has requested permission from the United States Court of Appeals for the First Circuit for leave to file a successive petition. Thus, there remains the possibility that he would be granted permission by the First Circuit to file a successive § 2255 motion, if appropriate. Consequently, the court will dismiss the instant petition filed under 28 U.S.C. § 2241, without prejudice, to Petitioner requesting leave to file a second or successive § 2255 motion.[2] Even then, it is only where a petitioner falls within the narrow exception outlined in <u>Dorsainvil</u> in which § 2241 relief could be sought in this court. In <u>Dorsainvil</u>, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. <u>Dorsainvil</u>, 119 F.3d at 251. For these reasons, the instant petition will be dismissed for lack of jurisdiction. An appropriate order follows.

---

[2] Under the "gatekeeping" provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court an order authorizing the sentencing court to consider the second motion. A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255.